# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCHESU MINOR,<br>*Plaintiff,* | : | |
| v. | : | CIVIL ACTION NO. 18-CV-2378 |
| COMMONWEALTH<br>*MC51CR0001900 2017,*<br>*Defendant.* | : | |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.                                            JULY 18, 2018

Plaintiff Marchesu Minor, who is currently incarcerated at the Riverside Correctional Facility, brings this civil action against "Commonwealth *MC51CR0001900 2017*." Minor has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 6.) For the following reasons, Minor is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), her complaint is dismiss for failure to state a claim.

## I.    FACTS

The following narrative is gleaned from Minor's complaint. Minor contends that on January 4, 2017, she told her tenants that they needed "to find other residency." (Compl. at 1.) Minor claims that after this event occurred, she was "harassed threatened intimidated and assaulted till 1-12-17." (*Id.*) She vaguely asserts that the police allowed the tenants to destroy her property. (*Id.* at 1-3.)

On January 19, 2017, Minor was "falsely arrested on aggravated assault by [her] tenant and a Stay Away order issued." (Compl. at 1.) Minor claims that the "Criminal Justice Agency has failed to compensate [her] in damages as . . . Docket # [MC51CR0001900 2017] was a false

1

arrest." (*Id.*) She appears to assert that the Judge who issued the Stay Away order did so without considering that she was the victim of "outrageous conduct by Law Enforcement." (*Id.* at 4.) Minor also states that "[t]he ADA in the criminal process violated the law in forcing [her] to a fake plea agreement." (*Id.*)

An independent review of state court dockets reveals that on January 20, 2017, Minor was arrested on charges of aggravated assault, possession of an instrument of crime, simple assault, and recklessly endangering another person. *Commonwealth v. Minor*, Docket No. MC-51-CR-0001900-2017 (Phila. Municipal Ct.). On May 16, 2017, the charges were dismissed either for lack of evidence or for failure to prosecute.[1] *Id.*

## II. STANDARD OF REVIEW

The Court will grant Minor leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This provision requires the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] The Court notes that Minor has previously raised claims that appear to challenge her arrest and prosecution on these charges. *See Minor v. 18th District*, Civ. A. No. 18-825 (E.D. Pa.). By Memorandum and Order entered on April 27, 2018, the Court granted Minor leave to proceed *in forma pauperis* and dismissed that complaint with leave to amend. *Id.* (ECF Nos. 8, 9.) Minor returned with a "Response," which the Court construed as her amended complaint. By Memorandum and Order entered on May 16, 2018, the Court dismissed the amended complaint with prejudice. *Id.* (ECF Nos. 15, 16.) Minor's appeal of that decision is pending.

[2] However, as Minor is a prisoner, she will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

(quotations omitted). Conclusory allegations do not suffice. *Id.* As Minor is proceeding *pro se*, her allegations are construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III. DISCUSSION**

This Court construes the Complaint as attempting to raise constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In light of these requirements, Minor's claims fail.

As noted, Minor has named "Commonwealth" as the sole Defendant in this matter. Presumably, Minor is referring to the Commonwealth of Pennsylvania. However, the Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and is not considered a "person" subject to liability under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). For this reason alone, Minor's Complaint is subject to dismissal.

Minor also appears to take issue with the Judge who issued the Stay Away order, as well as the Assistant District Attorney who apparently prosecuted her on the aggravated assault and other charges. While these individuals were not named as defendants, nevertheless, the Judge is entitled to absolute immunity from Minor's claims, as it is apparent that Minor is upset about actions the Judge allegedly undertook in his or her judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). In addition, the Assistant District Attorney is also entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as

"initiating a prosecution and . . . presenting the State's case," *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), as well as for claims based on his role in pursuing the prosecution on behalf of the Commonwealth, *see Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). Moreover, to the extent Minor is trying to bring claims based on a failure to investigate her allegations or prosecute alleged crimes of which she is the victim, her claims fail. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").

Minor's false arrest claim also fails. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that she was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. Here, Minor has not alleged sufficient facts to support a plausible claim that she was falsely arrested. She has not alleged what aspect of the arrest she challenges and why the events that occurred did not provide probable cause for the arresting officer to arrest her. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). To the extent that Minor is reasserting the false arrest claims that were dismissed in Civil Action No.

18-825, she may not relitigate those claims here, as they would be barred by the doctrine of *res judicata*.

## IV. CONCLUSION

For the foregoing reasons, Minor's Complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will allow Minor an opportunity to file an amended complaint in the event she can state a plausible claim, not barred by the doctrine of *res judicata*, against an appropriate defendant or defendants. An appropriate Order follows.

**NITZA I. QUIÑONES ALEJANDRO, J.**