# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCHESU MINOR, *Plaintiff*, | : : : | |
| v. | : : | CIVIL ACTION NO. 18-CV-2378 |
| COMMONWEALTH *MC51CR0001900 2017*, *Defendant.* | : : : | |

# MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                **AUGUST 1, 2018**

*Pro se* Plaintiff Marchesu Minor, who is currently incarcerated at the Riverside Correctional Facility, filed this civil action against "Commonwealth *MC51CR0001900 2017*." She also filed a motion for leave to proceed *in forma pauperis*. (ECF No. 6.) By Memorandum and Order entered on July 18, 2018, this Court granted Minor's motion to proceed *in forma pauperis* and dismissed her Complaint with leave to amend. (ECF Nos. 9, 10.) Specifically, this Court noted that: (1) the Commonwealth of Pennsylvania is entitled to immunity from claims under 42 U.S.C. § 1983 and is not considered to be a "person" subject to liability under that statute; (2) to the extent Minor took issue with the Judge and Assistant District Attorney who were involved in her state court criminal proceedings, those individuals were entitled to absolute immunity; (3) Minor had failed to alleged sufficient facts to support a plausible false arrest claim; and (4) to the extent that Minor was reasserting false arrest claims that were previously dismissed in Civil Action No. 18-825, she could not re-litigate them in this matter, as they would be barred by the doctrine of *res judicata*. (ECF No. 9 at 3-5.)

This Court received Minor's Amended Complaint on July 27, 2018. (ECF No. 11.) Minor names the "Commonwealth *MC51CR0001900 2017*" as the sole Defendant in the caption, but then names Highway Patrol Officer Antoine Small Jr., the District Attorney's Office, and 18th District Precinct on the second and third pages of the Amended Complaint. On July 30, 2018, this Court received a handwritten "Complaint for Violation of Civil Rights" from Minor. (ECF No. 12.) This Court construes the Amended Complaint to consist of these two documents. For the following reasons, the Court will dismiss the Amended Complaint.

## I. FACTS

In her Amended Complaint, Minor asserts that the Defendants "failed to protect [her] right as a law abiding citizen and acted with malice." (Am. Compl. at 3, ECF No. 11.)[1] She alleges that they have also violated her rights because of "extrinsic fraud, emotional distress, economic duress, medical evidence tort doctrine, infliction of mental distress personal injuries." (*Id.*)

As for her statement of the facts, Minor claims that on an unknown date, "no one saw what happened as Adam & Shakia approached [her] at the kitchen sink actual assaults already took place on 1-9-17." (*Id.* at 5.) Shakia pushed Minor's mother, causing her to "bump[] her head." (*Id.*) Adam pushed Minor, causing her to injure her elbow. (*Id.*) Minor states that they "were threatened harassed every day control # from 1425 Arch after 1-127 police continued to side with the abusive tenants." (*Id.*)

Minor states that prior to this, she had given her tenants notice on January 4, 2017, that they needed to move. (*Id.*) She references a "stay away" order that was entered on January 19, 2017, which "caused [her] to remove [herself] from [her] home to keep [her] freedom." (*Id.*)

---

[1] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

Minor contends that the "police failed to believe the property owner." (*Id.*) She does not state what relief she requests.

Minor has attached several exhibits to her Amended Complaint, including a copy of a letter from attorney Andrew Shaw, who previously represented Minor. In the letter, Shaw wrote:

> In light of your voluminous encounters with the legal system, both civil and criminal and based upon your penchant to request legal assistance from this office and then refusing to pay for same, be advised that this office has decided that it no longer wishes to represent you on any matter—whether pending or in the future.

(*Id.* at 12.) Minor has also attached a copy of a state court docket for *Commonwealth v. Minor*, Docket No. MC-51-CR-0001900-2017 (Phila. Municipal Ct.). This docket reflects that Minor was arrested on January 20, 2017, on charges of aggravated assault, possession of an instrument of crime, simple assault, and recklessly endangering another person. (Compl. at 14-15.) On May 16, 2017, the charges were dismissed either for lack of evidence or for failure to prosecute.[2] (*Id.* at 16.) Minor has also attached a copy of a docket from a civil case she and her mother filed against Sergeants Allen and Eves in the Court of Common Pleas for Philadelphia. (*Id.* at 18-19.) That docket reflects that on February 3, 2017, Minor was granted leave to proceed *in forma pauperis* and her complaint was dismissed without prejudice for failure to state a claim. (*Id.* at 19.)

In the "Complaint for Violation of Civil Rights," Minor expresses frustration that a Judge "brings written/oral argument to dismiss a complaint without the Defendants addressing a

---

[2] As noted in the Court's July 18, 2018 Memorandum and Order, Minor previously raised claims that appear to challenge her arrest and prosecution on these charges. *See Minor v. 18th District*, Civ. A. No. 18-825 (E.D. Pa.). By Memorandum and Order entered on April 27, 2018, the Court granted Minor leave to proceed *in forma pauperis* and dismissed that complaint with leave to amend. *Id.* (ECF Nos. 8, 9.) Minor returned with a "Response," which the Court construed as her amended complaint. By Memorandum and Order entered on May 16, 2018, the Court dismissed the amended complaint with prejudice. *Id.* (ECF Nos. 15, 16.) Minor's appeal of that decision is pending.

3

response to the complaint filing said response with the court and then the Judicial Officer/Judge responds." (ECF No. 12 at 1.) She asserts that "[w]ithin the City of Philadelphia there exist rental laws which should be followed in a Court of Law." (*Id.* at 2.) She vaguely refers to being falsely arrested on January 19, 2017. (*Id.* at 4.) Minor again asserts that the police allowed Adam Ervine to commit theft and to injure her. (*Id.*) She believes that she "should never have been arrested or subjected to the bad faith conduct of the 18th District." (*Id.* at 5.) She attaches another copy of the letter from attorney Andrew Shaw. (*Id.* at 6-7.)

## II. STANDARD OF REVIEW

Because this

e Court has previously granted Minor leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Minor is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

This Court construes the Amended Complaint as attempting to raise constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

4

the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Minor's claims fail for the following reasons.

Once again, Minor has named "Commonwealth" as a Defendant in this matter, presumably as a reference to the Commonwealth of Pennsylvania. As this Court previously informed Minor, the Commonwealth of Pennsylvania is entitled to an Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and is not considered a "person" subject to liability under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, Minor cannot pursue her claims against the "Commonwealth."

As noted above, Minor lists Highway Patrol Officer Antoine Small Jr., the District Attorney Office, and the 18th District Precinct as Defendants on the second and third pages of her Amended Complaint. To the extent she seeks to proceed against them, her claims fail. Minor fails to mention Small in the body of her Amended Complaint and, therefore, has not set forth a basis for imposing liability against him. With respect to the District Attorney Office and the 18th District Precinct, these entities are not proper defendants because they "lack[] an identity separate from the municipality of which [they are] a part." *Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011); *see also* 53 Pa. Cons. Stat. § 16257; *Thompson v. Police Dep't of Phila.*, No. 10-6083, 2011 WL 4835831, at *2 (E.D. Pa. Oct. 12, 2011); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005). Even if Minor had named the City of Philadelphia as a party defendant, she has not stated a basis for municipal liability which must be based on a policy or custom to state a claim under § 1983. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *see also McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was").

Minor appears to be primarily concerned with her arrest on January 19 or 20, 2017, and her dissatisfaction with how the police handled a situation between her and her tenants. To the extent Minor seeks to challenge the same arrest that she challenged in Civil Action No. 18-825, she may not re-litigate those claims here. To the extent she is raising a different false arrest claim, she has not alleged sufficient facts to support a plausible claim that she was falsely arrested. She has not alleged what aspect of the arrest she challenges and why the events that occurred did not provide probable cause for the arresting officer to arrest her. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Minor's Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. Minor was given a prior opportunity to amend the defects in her claims and has not been able to do so. Having reviewed her filings in this case, as well as those in Civil Action No. 18-825, the Court concludes that further efforts at amendment would be futile. Accordingly, Minor will not be permitted to file a second amended complaint. An appropriate Order follows.

**NITZA I. QUIÑONES ALEJANDRO, J.**

6